IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>**BRIAN McCARTY,**<br><br>    Debtor | Case No. 18-15416-DER<br><br>(Chapter 7) |

**THE UNITED STATES TRUSTEE'S MOTION TO EXAMINE DEBTOR'S
TRANSACTIONS WITH ATTORNEY, TO DISGORGE FEES,
<u>AND FOR INJUNCTIVE RELIEF</u>**

The Acting United States Trustee for Region Four, John P. Fitzgerald, III, which Region includes the District of Maryland, files this Motion to Examine Debtor's Transactions with Attorney, to Disgorge Fees, and for Injunctive Relief, and as grounds therefor states as follows:

**<u>INTRODUCTION</u>**

Attorney Scott M. Marinelli ("Marinelli") and his firm Synergy Law LLC ("Synergy") represented the Debtor, Brian McCarty ("Mr. McCarty"), in contemplation of or in connection with this Chapter 13 bankruptcy case ("Case 3") and with two Chapter 13 bankruptcy cases previously filed by Mr. McCarty on a pro se basis, Case No. 17-25177-DER ("Case 1") and Case No. 18-11541-DER ("Case 2"). Upon information and belief, within one year before the filing of Case 3, Marinelli and Synergy received from Mr. McCarty a total of $4,900 for services rendered in contemplation of or in connection with Cases 1-3, including payment for services that were to be rendered for foreclosure defense and loss mitigation. Marinelli and Synergy did not initiate any legal proceedings nor obtain for Mr. McCarty a loan modification agreement. Instead,

1

Marinelli and Synergy directed Mr. McCarty to initiate Case 1 and Case 2 on a pro se basis, filing only the minimum documents required to initiate such bankruptcy cases, leading to the dismissal of Case 1 and Case 2 for failure to file Schedules, a Statement of Financial Affairs, and a Chapter 13 Plan.

For the reasons stated above, and discussed more fully below, the Court should review the fees charged by Marinelli and Synergy in contemplation of or in connection with Cases 1-3, order them to disgorge any and all fees that they received from Mr. McCarty, impose an injunction, and grant whatever other relief the evidence demonstrates is appropriate.

## FACTUAL BACKGROUND

1. Synergy is a limited liability company registered in the District of Columbia with a mailing address of 1101 Connecticut Avenue, NW, Suite 450, Washington, DC 20036.

2. Synergy's registered agent is United States Corporation Agents, Inc., with a mailing address of 700 12th Street, NW, Suite 700, Washington, DC 20005.

3. Synergy also conducts business at 8801 Sudley Road #4017, Manassas, VA 20110-9998.

4. As of March 18, 2019, Synergy maintains an internet website: http://synergylawllc.com/ (the "Synergy Website").

5. The first page of the Synergy Website says this about Synergy:

> An Experienced Full Service Law Firm
>
> Synergy Law, LLC, is a Full Service Law Firm with a synergetic combination of legal professionals. The firm works with an extensive and experienced nationwide network of Attorneys who are in good standing with each of their respective State Bar Organizations. Our Attorneys have strong work ethic, sound integrity, and are dedicated to helping our clients

receive the best possible resolution. These are extremely important characteristics that the firm demands from every Attorney to ensure complete representation and the ideal client experience. The firm emphasizes client care and communication so that every client feels like a top priority and not "just another client".

6. The first page of the Synergy Website also says:

Our national network of attorneys enable us to help homeowners in the following states: Alabama, Arizona, Arkansas, Colorado, District of Columbia (DC), Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington and Wisconsin.

7. The first page of the Synergy Website further states that Synergy's "areas of expertise" include: (1) Payment Relief, (2) Foreclosure Defense, (3) Relocation Assistance, and (4) Bankruptcy.

8. Under Payment Relief, the first page of the Synergy Website says:

Avoid foreclosure and stay in your home with our payment relief solutions. Have your loan modified or enter into a forbearance agreement to gain more time to pay off your mortgage payments.

9. Under Bankruptcy, the first page of the Synergy Website says:

Filing for bankruptcy couldn't be easier with Synergy Law's amazing lawyers on hand to assistance [sic] you through this difficult time. If you have any questions, we're always there to help; contact us.

10. At the top of the first page of the Synergy Website there is a tab labeled "About Us", which links to a page about "Payment Relief."

11. The "Payment Relief" link on the Synergy Website leads to a page titled, "Payment Relief Solutions", which states:

3

> Our legal service team is happy to find you payment relief solutions when it comes to mortgage payments on your home. Each client has a unique set of facts and circumstances that could lead to a wide variety of solutions so it is important to have knowledgeable professionals and attorneys help find the best one for you. Find relief and payment reduction in a number of ways with us.

12. Marinelli and Synergy are debt relief agencies, as defined in 11 U.S.C. § 101(12A).

13. The Synergy Website includes advertisements for bankruptcy services.

14. The Synergy Website is directed to the general public.

15. At all relevant times, the Synergy Website did not clearly and conspicuously use the statement, "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code.," or a similar statement.

16. On or about October 6, 2017, Mr. McCarty signed an Engagement Agreement for Legal Representation, an Application for Foreclosure Defense and Loss Mitigation Services, a Service/Retainer Agreement, a Client Credit Card Authorization Form, and a Recurring Payment Authorization with Synergy (collectively, the "Agreement").

17. The first page of the Agreement states, "You have asked our firm, in conjunction with Scott Marinelli, Esq. to act as your attorney and this document sets forth the agreement regarding our representation for you."

18. Pursuant to the Agreement, Mr. McCarty agreed to make an initial payment of $1,100 and recurring monthly payments of $700 thereafter.

19. According to Mr. McCarty's bank records, Synergy debited his bank account: on November 6, 2017, in the amount of $1,100; on December 4, 2017, in the amount of $700; on January 5, 2018, in the amount of $700; on February 6, 2018, in the amount of $700; on March 5,

2018, in the amount of $850; and on April 4, 2018, in the amount of $850.   These payments total $4,900.

20.     The Agreement states that Marinelli and Synergy "look forward to representing you in your attempt to defend you in loss mitigation or the foreclosure proceeding commenced against you and obtain you an affordable loan modification offer."

21.     The Agreement also notes that "Phase 4" of the legal services to be provided by Marinelli and Synergy includes "constantly evaluating your matter for required litigation issues that may well need to be addressed regarding the foreclosure action if pending as well as the potential need to make an application for bankruptcy protection . . . ."

22.     Included as part of the Agreement are the mandatory disclosures required by Sections 342(b)(1) and 527(a)(1) of the Bankruptcy Code.

23.     After Mr. McCarty signed the Agreement and made the initial payment of $1,100 to Marinelli and Synergy, Monica Chapman, a Synergy employee, instructed Mr. McCarty to file bankruptcy under Chapter 13 to stop a foreclosure proceeding against his residence.

24.     Based upon this guidance from Synergy, on November 13, 2017, Mr. McCarty filed Case 1.   Case 1 was a "bare bones" filing that did not include Schedules, a Statement of Financial Affairs, or a Chapter 13 Plan.   Mr. McCarty paid the full filing fee of $310 for Case 1.

25.     Because no Schedules, Statement of Financial Affairs, and Chapter 13 Plan were ever filed in Case 1, this Court dismissed Case 1 on January 4, 2018.

26.     After Case 1 was dismissed, the secured creditor, Wells Fargo Bank, N.A. ("Wells Fargo"), resumed foreclosure proceedings against Mr. McCarty's residence.

27.     Monica Chapman of Synergy again instructed Mr. McCarty to file bankruptcy

under Chapter 13 to stop this foreclosure proceeding.

28. Based upon this further guidance from Synergy, on February 6, 2018, Mr. McCarty filed Case 2. Case 2 also was a "bare bones" filing that did not include Schedules, a Statement of Financial Affairs, or a Chapter 13 Plan. Mr. McCarty paid another filing fee of $310 for Case 2.

29. Because no Schedules, Statement of Financial Affairs, and Chapter 13 Plan were ever filed in Case 2, this Court dismissed Case 2 on March 19, 2018.

30. After the dismissal of Case 2, Synergy stopped taking Mr. McCarty's phone calls or responding to his emails.

31. After Wells Fargo once again resumed the foreclosure proceedings, Mr. McCarty retained William F. Steinwedel of the Maryland Legal Aid Bureau to file Case 3, this bankruptcy case.

32. Because of the filings and dismissals of Case 1 and Case 2, Mr. Steinwedel filed an Emergency Motion to Impose the Automatic Stay (Doc 9), which was granted by this Court by Orders entered on April 27, 2018 (Doc 21) and July 3, 2018 (Doc 33).

33. Mr. McCarty's Chapter 13 Plan was subsequently confirmed by Order entered on August 14, 2018 (Doc 38).

## ARGUMENT

A. **Standards for Compensation and Disclosure of Compensation.**

The fees paid to Marinelli and Synergy in contemplation of or in connection with Cases 1-3 are governed primarily by Section 329 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure. Section 329(b) of the Bankruptcy Code allows the court to

review and adjust the compensation of a debtor's counsel if "such compensation exceeds the reasonable value of any such services." 11 U.S.C. § 329(b). In enacting this section, Congress sought to police payments to counsel, to guard against overreaching by the debtor's attorney, and to provide protection for creditors. *Jensen v. U.S. Trustee (In re Smitty's Truck Stop)*, 210 B.R. 844, 848 (10th Cir. BAP 1997); *In re Dixon*, 143 B.R. 671, 676 (Bankr. N.D. Tex. 1992).

> Section 329(b) ... authorizes the Court to order the refund of any amount over and above the reasonable value of the services rendered, regardless of whether the compensation was paid by the estate or a non-debtor entity. In order for this provision to have full effect, commiserate [sic] with its obvious intent, it is imperative that counsel fully disclose the compensation arrangement as required by Section 329(a).

*In re Gay*, 390 B.R. 562, 570 (Bankr. D. Md. 2008).

Section 329(b) imposes on the Court an "obligation to review debtor's counsel's fees and order the return of compensation found to be excessive." *In re Tanamor*, Case No. 10-25530-TJC, 2013 WL 3938978 at *4 (Bankr. D. Md., July 31, 2013). In order to fulfill that obligation, the Court must be apprised of all compensation debtor's counsel receives. Thus, "[s]ection 329(a) lays down an inflexible rule of disclosure with respect to payments made to attorneys representing debtors for services rendered, or to be rendered, in connection with the case." *In re Gay*, 390 B.R. 562, 570 (Bankr. D. Md. 2008).

Rule 2016(b) elaborates upon Section 329(a)'s disclosure requirement. Pursuant to Rule 2016(b), debtor's counsel must make the disclosures required by Section 329(a) by filing a statement either within 14 days of the order for relief or, if for payments made after the order for relief, within 14 days of the date of the payment. Fed. R. Bankr. P. 2016(b).

While neither Section 329 nor Rule 2016 provide an express penalty for failure to comply with the disclosure requirement, they impose upon attorneys an independent responsibility to make the requisite disclosures. *Gay*, 390 B.R. at 570. Thus, failure to comply with the disclosure rules is a sanctionable violation. *Id.* This is so even if proper disclosure would have demonstrated that the attorney did not violate any other provision of the Bankruptcy Code or Rules.

Disgorgement under Section 329 is also an appropriate remedy where debtor's counsel's services are insufficient and ineffective in order to "redress losses caused by insufficient work by counsel." *In re Moragne*, No. 12-00324, 2013 WL 3336605 at *4 (Bankr. D. Haw. July 2, 2013); *Hale v. U.S. Trustee*, 509 F.3d 1139, 1147 (9th Cir. 2007) (finding disgorgement under Section 329(b) an appropriate remedy where attorneys prepared documents which were incomplete and erroneous).

With respect to compensation in Chapter 13 cases, Section 330(a)(4)(B) also directs the Court, in considering whether and to what extent to allow compensation to an attorney representing a debtor in a Chapter 13 case, to consider "the benefit and necessity of such services to the debtor and the other factors set forth in [Section 330]." 11 U.S.C. § 330(a)(4)(B). Reasonable compensation for a debtor's attorney in a Chapter 13 case is, therefore, to be determined by taking into account factors including: the time spent; normal and customary rates charged; whether the services were necessary and beneficial; whether the services were performed within a reasonable amount of time under the circumstances; whether the attorney is board certified or particularly skilled; and whether the compensation is "reasonable based on the customary compensation charged by comparably skilled practitioners" in non-bankruptcy cases. *In re Long*, 553 B.R. 266, 274 (Bankr. M.D. Pa. 2016).

Finally, in *Torres v. Chang (In re Torres)*, Case No. 11-10862-WIL, Adv. Pro. 13-00284, 2014 WL 4929062 (Bankr. D. Md., Sept. 30, 2014), this Court held that violations of the applicable ethical rules may constitute a basis for disgorgement of fees under Section 329.  *Torres*, 2014 WL 4929062 at *4-*5.  Additionally, attorneys practicing before the Court are required to abide by the Maryland Attorneys' Rules of Professional Conduct.  *Id*. at *5.

### B. Marinelli and Synergy Failed to File the Required Disclosures of Compensation

As noted above, 11 U.S.C. § 329 and Bankruptcy Rule 2016(b) require that attorneys who provide legal services in contemplation of or in connection with a bankruptcy case file a disclosure of compensation within 14 days after the bankruptcy case is filed.  Given that the Agreement references the possibility of a bankruptcy filing and includes the mandatory disclosures under 11 U.S.C. § §342(b)(1) and 527(a)(1), the legal services provided by Marinelli and Synergy were provided in contemplation of or in connection with Cases 1-3.  Yet, Marinelli and Synergy never filed the required disclosures of compensation in any of the three cases.

Failure to comply with the disclosure rules is a sanctionable violation.  *Gay*, 390 B.R. at 570.  Because of Marinelli's and Synergy's failure to disclose their compensation, they should be required to disgorge the entirety of the payments that they received from Mr. McCarty.

### C. Marinelli and Synergy Violated Several Rules of Professional Conduct

In apparently advising Mr. McCarty to file two Chapter 13 bankruptcy cases fewer than four months apart, requiring Mr. McCarty's counsel in this case to seek imposition of the automatic stay, Marinelli and Synergy violated Rule 19-301.1 of the Maryland Attorney's Rules of Professional Conduct, which requires that an attorney "provide competent representation to a client".

9

By charging Mr. McCarty $4,900, while never providing any necessary or effective services in foreclosure defense, loss mitigation, or bankruptcy, Marinelli and Synergy violated Rule 19-301.5(a), which prohibits making an agreement for, charging, or collecting an unreasonable fee.

Upon information and belief, neither Marinelli nor any other attorney employed by Synergy who was involved in providing legal services to Mr. McCarty is admitted to practice in either the State of Maryland or this Court. Nevertheless, pursuant to Rule 19-308.5(a)(2), those out-of-state attorneys are "subject to the disciplinary authority of this State". Moreover, the services that these attorneys provided to Mr. McCarty may violate Rule 19-305.5, which proscribes the unauthorized practice of law.

All of the foregoing violations of the Maryland Attorneys' Rules of Professional Conduct also violate Rule 19-308.4(a), which provides that it is "professional misconduct" for an attorney to violate the Maryland Attorneys' Rules of Professional Conduct.

### D. Marinelli and Synergy Violated Numerous Provisions of 11 U.S.C. §§ 526, 527, and 528

Marinelli and Synergy violated 11 U.S.C. § 526(a)(1) by failing to perform all of the legal services they informed Mr. McCarty they would provide for him in connection with both any loan modification and any bankruptcy case.

Marinelli and Synergy violated 11 U.S.C. § 526(a)(3) by misrepresenting to Mr. McCarty the services that they would provide to Mr. McCarty or misrepresented to Mr. McCarty the benefits and risks that may result if he became a debtor in Case 1, Case 2, and Case 3.

10

Marinelli and Synergy violated 11 U.S.C. § 528 by failing to include on the Synergy Website clearly and conspicuously the statement, "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code.," or a substantially similar statement.

## CONCLUSION

For the reasons stated above, the Court should require Marinelli and Synergy to provide a full accounting of all monies they have received from or on behalf of Mr. McCarty, to disgorge and refund all monies they have received from him or on his behalf, and should impose injunctive relief.

## LOCAL RULE 9013-2 AND 9013-6 STATEMENTS

Pursuant to Local Bankruptcy Rule 9013-2, the U.S. Trustee states that he is not filing a separate memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

Pursuant to Local Rule 9013-6, the United States Trustee consents to entry of a final order or judgment in this matter by a bankruptcy judge.

## RELIEF REQUESTED

Based on the foregoing, the United States Trustee respectfully requests that the Court:

a. Examine the compensation arrangements and fees and costs paid, or to be paid, pursuant to 11 U.S.C. § 329;

b. Order Marinelli and Synergy to turn over to Debtor any excess compensation;

c. Impose a civil penalty against Marinelli and Synergy, pursuant to 11 U.S.C. § 526(c)(5);

d. Enjoin Marinelli's and Synergy's violations of 11 U.S.C. §§ 526, 527, and 528, pursuant to 11 U.S.C. § 526(c)(5); and

e. Grant such further relief as this Court deems just and equitable.

Dated: March 18, 2019                               Respectfully submitted,

**JOHN P. FITZGERALD, III**
Acting United States Trustee for Region 4

By: */s/ Gerard R. Vetter*
Gerard R. Vetter, Fed. Bar No. 23489
United States Department of Justice
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
Fax: (301) 344-8431
E-mail: gerard.r.vetter@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2019, a copy of the foregoing document was mailed, first class, postage prepaid, to:

Scott M. Marinelli, Esq.
Synergy Law, LLC
1101 Connecticut Ave., NW, Suite 450
Washington, DC 20036

Synergy Law, LLC
1101 Connecticut Ave., NW, Suite 450
Washington, DC 20036
Attn: David Marasca, President

Synergy Law, LLC
c/o United States Corporation Agents, Inc.
700 12th St., NW, Suite 700
Washington, DC 20036

Synchrony Bank
c/o PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541

Brian McCarty
15 N. Dundalk Avenue
Baltimore, MD 21222

I HEREBY FURTHER CERTIFY, that according to the Court CM/ECF system, a copy of the foregoing document was also served electronically upon:

- Brian S. McNair    bankruptcy@albalawgroup.com

- Nancy Spencer Grigsby    grigsbyecf@ch13md.com

- William Frederick Steinwedel    wsteinwedel@mdlab.org


　　　　　　　　　　　　　　　　　　　　/s/ Gerard R. Vetter
　　　　　　　　　　　　　　　　　　　　Gerard R. Vetter